N. S. Koos & Son Company, Appellant, v. Tehan,
Respondent.

*January 12—February 7, 1961.*

For the appellant there was a brief and oral argument by *Henry C. Friend* of Milwaukee.

For the respondent there was a brief by *Martin J. Torphy* and *Rudolph John Mudroch,* both of Milwaukee, and oral argument by *Mr. Torphy.*

DIETERICH, J. In 1956, the plaintiff-appellant, N. S. Koos & Son Company sold and delivered fertilizer and insecticides to the defendant Tehan Farms, Inc., a corporation, of which the defendant Eugene Tehan or Gene Tehan was the president, treasurer, and principal stockholder. The sales were made on open account and were billed to Milwaukee Gardeners Association, Tehan Farms, Inc., which made instalment payments.

After a time the balance was carried in the form of a series of promissory notes. As each note matured, it was canceled, and another issued in its place in the amount then due. The first and last of these notes were executed by Eugene or Gene Tehan, as an individual. The intervening notes were executed by Tehan Farms, Inc.

The last note, dated June 4, 1958, in the sum of $1,960.50 was signed by the defendant Gene Tehan.

The complaint alleges that Eugene Tehan is president and treasurer of the defendant corporation and also alleges that the corporation is engaged in the operation of a farm and other industries, that prior to June 4, 1958, the plaintiff at the special instance and request of the defendants sold and delivered goods, wares, and merchandise to the defendants; that on June 4, 1958, Eugene Tehan, using the name "Gene Tehan," made and executed a promissory note in the sum of

$1,960.50. It further alleges that demand was made for payment when the note became due on July 5, 1958; that nothing had been paid on the note excepting $100, that the plaintiff is the owner and holder of the note and that there is due presently the sum of $1,860.50.

The answer admits that prior to June 4, 1958, the plaintiff sold and delivered goods to the Tehan Farms, Inc., admits that on June 4, 1958, the corporation (Tehan Farms, Inc.) signed a promissory note in the sum of $1,960.50. Eugene Tehan denies that he executed the note personally, but that he executed the promissory note as an officer of the corporation. The Tehan Farms, Inc., in its answer also admits that there is due and owing on the note $1,860.50. The defendant, Eugene Tehan, denies any liability on the note and denies all of the allegations of the complaint respecting his liability.

The statutes applicable as to Eugene Tehan's liability on the note are:

Sec. 116.22, Stats. "TRADE OR ASSUMED NAMES. No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. . . ."

Sec. 116.24, Stats. "AGENT NOT LIABLE. Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

It therefore follows that sec. 116.24, Stats., precludes Eugene Tehan from escaping his liability upon the promissory note except through reformation. See *Kegel v. McCormack* (1937), 225 Wis. 19, 27, 272 N. W. 650.

Under our liberal rules of pleading the answer sets up an equitable defense for reformation of the promissory note.

The civil court of Milwaukee had no jurisdiction in equity to reform the promissory note. The issue raised by the answer required the transfer or certification of the case to the circuit court for trial because the relief prayed for in the answer of the defendants could not be granted by the civil court. *Pierson v. Dorff* (1929), 198 Wis. 43, 223 N. W. 579.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.